UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENNIE TATE and<br>MAXINE TATE, | §<br>§<br>§ | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| v. | §<br>§ | SA-06-CA-0696 FB |
| CEDAR POINT HOMEOWNERS<br>ASSOCIATION, INC. | §<br>§<br>§ | |
| Defendant. | § | |

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL (Docket Entry 2)**

**I. Statement of the Case**

The matter before the Court is plaintiffs Bennie Tate and Maxine Tate's ("Tates") motion for appointment of counsel (Docket Entry 2).

The Tates bring this action against defendant Cedar Point Homeowners Association, Inc. ("Association") alleging violation of their civil rights. In particular, the Tates contend that the Association discriminated against them and illegally seized their house because of their race and color. The Tates claim that White and Mexican members of the Association discriminated against them because they were "the only Black family in the Cedar Point subdivision."[1]

Cedar Point subdivision consists of seventy-three homes. The Tates lived in the subdivision for seven years from 1999 until June 2006. Throughout that time, they were the only Black family in the subdivision.[2] The Tates alleged that their property has been vandalized, and after returning from a two-week trip, they discovered that a boundary fence had been moved

---

[1] Docket Entry 4 at ¶ 1.

[2] **Id.** at ¶ 2.

inward reducing the size of their property. The Tates further alleged that on August 3, 2004, White and Mexican members of the Association held a party in front of their house. The Association members used racial slurs and prevented the Tates from entering their house. The Tates allege that they were assaulted physically as well.[3]

Subsequent to the August 2004 incident, the Association commenced a state court lawsuit against the Tates, apparently for failure to pay association dues. On February 6, 2006, the District Court for the 288th Judicial District for Bexar County Texas entered a final judgment in favor of the Association awarding actual damages along with attorney fees and expenses. The judgment further provided that the judgment constituted a lien against the Tates' house and that the Association should have foreclosure of the lien by nonjudicial foreclosure.[4] In a letter dated June 7, 2006, counsel for the Association gave the Tates notice of default and the Association's intent to foreclose on the Tates' property.

The Tates commenced the instant action by filing a complaint on September 1, 2006.[5]

## II. Discussion

Absent exceptional circumstances, a civil rights complainant has no automatic right to an appointed counsel.[6] The decision whether to provide counsel lies solely within the discretion of

---

[3] **Id.** at ¶ 3.

[4] **Id.**, Attachment 7 at 3-6.

[5] On August 8, 2006, the Tates submitted their complaint along with motions to proceed *in forma pauperis* and to appoint counsel. Docket Entries 1 and 2. The *in forma pauperis* motion was denied by Order entered on August 23, 2006. Docket Entry 3. On September 1, 2006, the Tates paid the filing fee and filed their complaint. Docket Entry 4.

[6] **Wendell v. Asher**, 162 F.3d 887, 892 (5th Cir. 1998).

the court.[7]  In ruling on a request for the appointment of counsel in a civil rights case, courts consider the following nonexclusive factors: (1) the type and complexity of the case; (2) whether the pro se litigant is capable of adequately presenting his case; (3) whether the pro se litigant is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[8]  The Fifth Circuit has recognized that the district court may also consider the Tates' own efforts to secure private counsel.[9]

In this case, it does not appear that the Tates are in need of the appointment of counsel. First, they have the financial ability to hire counsel.  In their *in forma pauperis* motion, Bennie Tate stated that he receives V.A. disability and social security benefits.  Maxine Tate stated that she earns income from her employment as a rehabilitation assistant.  They have approximately $19,000.00 in cash and financial institution accounts.  They also own four vehicles.[10]  Second, the Tates have not made an adequate effort to secure private counsel.  Their motion for appointment of counsel shows that they only contacted two attorneys.  They did not contact the Legal Aid Association or the local lawyer referral service.[11]

Further, at this early juncture in the case, it is unclear if their cause has merit.  To the

---

[7] **Jackson v. Dallas Police Dep't**, 811 F.2d 260, 261 (5th Cir.1986); **Ulmer v. Chancellor**, 691 F.2d 209, 212 (5th Cir. 1982); **Branch v. Cole**, 686 F.2d 264 (5th Cir. 1982); **Wright v. Dallas County Sherriff Dep't**, 660 F.2d 623, 625-26 (5th Cir. 1981).

[8] **Ulmer**, 691 F.2d at 213 (citations omitted).

[9] **Id**.

[10] Docket Entry 1.  The Tates also list two other vehicles but state that the vehicles belong to their son and daughter who are making the payments.

[11] Docket Entry 2.

extent that they seek a trial on the merits of the state court proceeding[12] this Court is without jurisdiction to review the state court judgment.  The Tates cannot collaterally attack the state court judgment through a federal case.[13]  To the extent that the Tates raise original issues of discrimination and violation of constitutional rights, the Court may have jurisdiction to hear these claims.  However, it is also unclear whether any of these issues are so complex or require such in depth investigation that the Tates would be unable to prosecute their case without assistance of counsel.  Likewise, at this point, there is no indication that the evidence will include a large amount of conflicting testimony that would require skill in the presentation of evidence.

Based on the foregoing, the Tates have failed to establish exceptional circumstances justifying the appointment of counsel at this point of the case.

### III.  Conclusion

After considering the relevant factors as discussed in this Order, the Tates' request for appointment of counsel (Docket Entry 2) is **DENIED**.

**SIGNED** on September 21, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[12] Docket Entry 4 at ¶ 8.

[13] **District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462, 476 (1983); **Rhoades v. Penfold**, 694 F.2d 1043, 1047 (5th Cir. 1983); see also **U.S. v. Shepherd**, 23 F.3d 923, 924 (5th Cir. 1994) (explaining that the Rooker/Feldman Doctrine holds that federal district courts lack subject matter jurisdiction over collateral attacks of state court judgments).