UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENNIE TATE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0696 FB (NN) |
| CEDAR POINT HOMEOWNERS | § | |
| ASSOCIATION, INC. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
REGARDING JURISDICTION**

**TO:** **Hon. Fred Biery
United States District Judge**

This memorandum and recommendation addresses the motion to dismiss filed by defendant Cedar Point Homeowners Association (Cedar Point).[1] Through its motion, Cedar Point seeks dismissal of claims brought by plaintiff Bennie Tate. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the District Court's order referring all pretrial matters to me for disposition by order or to aid the District Court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2] After considering the motion and the pleadings in this case, I recommend dismissing this case.

**Nature of the Case**

Tate filed this action in September 2006, alleging a civil rights violation and challenging the foreclosure of his home. Tate alleged that Cedar Point discriminated against him based on

---

[1]Docket entry # 24.

[2]Docket entry # 7.

race and color. He complained that Cedar Point refused to recognize him as a member of the homeowners' association, except to demand payment of fees. He complained that the state court permitted Cedar Point to take his home without giving him the benefit of a jury trial. Tate attached several documents to his complaint. One of those documents is a judgment from the 288th Judicial District Court, Bexar County, Texas, authorizing Cedar Point to foreclose on a lien on Tate's home. Cedar Point moved to dismiss Tate's claims for lack of subject matter jurisdiction. Although the motion was filed almost two months ago, Tate did not respond to the motion.

## Subject Matter Jurisdiction

In its motion, Cedar Point argues that his case should be dismissed because it presents no federal question and because no diversity of citizenship exists. Without addressing these specific arguments, I recommend that the District Court grant the motion to dismiss finding that subject matter does not exist because Tate's federal lawsuit is essentially an attempt to appeal the state court judgment permitting Cedar Point to foreclose on his home.

Under the Rooker-Feldman doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state court judgment.[3] "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[4] "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction,

---

[3] *See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[4] *Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[5]

Here, Tate allegations are "inextricably intertwined" with a state judgment permitting Cedar Point to foreclose on his home. In his complaint, Tate asserted that he is "filing a civil lawsuit to get [his] home back because it was illegally taken from [him].'"[6] He stated that he wants to present [his] case to a jury because [he was] denied that right by the State Courts."[7] Tate complained that the "judge allowed Cedar Point. . . to take [my] home by indicating it was a mandatory association and it was mandatory for all homeowners in the subdivision to pay."[8] He further complained that although he requested a jury trial and paid the jury fee, "Judge Lori Massey in the 288th Court ordered us. . . to pay Cedar Point. . . $891.76, without giving us a chance to defend ourselves in a jury trial."[9] As relief, Tate seeks "[t]o resume ownership of [his] home. . . and to be compensated in the amount of $891.76 which was awarded to Cedar Point. . . by Judge Massey; $4,000.00 attorney fees [he] paid to Attorney [James] Myart; $750,00.00 for mental and physical injuries and $100,000.00 for displacement from [his] home."[10] These allegations, and the relief Tate seeks, call on the District Court to review the state-court judgment. Everything Tate complains about[11] is inextricably intertwined with that judgment.

---

[5]*Liedtke*, 18 F.3d at 317.

[6]Docket entry # 4, ¶ 7.

[7]*Id*.

[8]*Id*.

[9]*Id*. at ¶ 8.

[10]*Id*. at ¶ 10.

[11]Tate also complains that he "suffered discrimination from the White and Mexican residents of Cedar Point. . .," docket entry # 4, ¶ 1; he "was physically assaulted in front of [his] home while

The District Court lacks jurisdiction to review the state court judgment. If Tate is dissatisfied with the state court judgment, he must appeal the state court judgment through the state court system. He may not ask a federal district court to review the judgment.

### Recommendation

Because the District Court has no jurisdiction to review the state court judgment, and because all of Tate's allegations are inextricably intertwined with his challenge of that judgment, I recommend GRANTING Cedar Point's motion to dismiss (docket entry # 24) and DISMISSING this case for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. If the District Court accepts this recommendation, it can dismiss other pending motions (docket entry #s 22, 23 & 25) as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[12] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or

---

members of. . . 'Cedar Point' were having a party in front of [his] home," *id.* at ¶ 3; and he paid attorney James Myart $4,000.00 to represent him but Myart failed to notify him that he was no longer representing him, *id.* at ¶ 10.

[12] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[13] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[14]

**SIGNED** on May 14, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[13] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).